IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. 08-9012-MC-W-HFS |
| DAMIAN R. DENHAM, | ) ) | |
| Respondent. | ) ) | |

REPORT AND RECOMMENDATION

On May 29, 2008, a Petition to Enforce Internal Revenue Service Summonses was filed against respondent Damian R. Denham. This Internal Revenue Service ("IRS") summons enforcement action has been referred to the undersigned for processing and handling in accordance with the provisions of the Local Court Rules of the United States District Court for the Western District of Missouri, 28 U.S.C. § 636 and governing statutes and law.

On June 4, 2008, the Court entered an Order to Show Cause (doc #3) directing that respondent Denham show cause in writing within 21 days from the date of the order why he should not comply with the summonses issued by the IRS. On June 20, 2008, respondent Denham, acting pro se, filed a pleading entitled Court Order Refused for Cause Without Dishonor (doc #6). The pleading states that "[i]t is intended to be a rebuttal to the claim made in the Summons by Darlene Chamberlain."

In United States v. First National Bank of Mitchell, 691 F.2d 386 (8th Cir. 1982), the court stated:

> Generally, a taxpayer is entitled to a hearing prior to enforcement of an IRS summons. United States v. Powell, 379 U.S. 48, 58 (1964). However, this right is not absolute. If the person summoned neither challenges allegations in the complaint nor raises proper affirmative defenses, no evidentiary hearing is required; the matter can be decided on the written record.

Id. at 387 n.3. Given respondent Denham's failure to raise any proper affirmative defense to compliance with the summonses, this Report and Recommendation is based on the written record.

## I. FINDINGS OF FACT

On the basis of the written record, the undersigned makes the following proposed findings of fact:

1. Darlene Chamberlain is a duly commissioned Revenue Agent employed in Small Business/Self-Employed Compliance, Midwest Area, Internal Revenue Service and is authorized to issue an Internal Revenue Service summons pursuant to the authority contained in 26 U.S.C. § 7602 and Treasury Regulation Section 301.7602-1, 26 C.F.R. § 301.7602-1.

2. Respondent Damian R. Denham resides at 923 N. Burnley Rd. A, Buckner, Missouri 64016-8270, within the jurisdiction of this court.

3. Revenue Agent Darlene Chamberlain is conducting an investigation into the tax liability of Damian R. Denham for the following years: 2001, 2002, 2003, 2004, 2005 and 2006.

4. Respondent Damian R. Denham is in possession and control of testimony, books, records, papers and other data which are relevant to the above-described investigation.

5. On December 13, 2007, two Internal Revenue Service summonses were issued by Revenue Agent Darlene Chamberlain directing respondent Damian R. Denham to appear before Revenue Agent Darlene Chamberlain on January 4, 2008, at 12:00 p.m. to testify and to produce the books, records and other documents described in the summonses. Revenue Agent Darlene Chamberlain left attested copies of the summonses at respondent Damian R. Denham's home on December 13, 2007.

6. Respondent Damian R. Denham did not appear in response to the summonses on January 4, 2008. Respondent's refusal to comply with the summonses continues to this date.

7. The books, papers, records or other data sought by the summonses are not already in the possession of the Internal Revenue Service, except for certain records obtained from Blue Ridge Bank & Trust and Bank of Odessa.

8. All administrative steps required by the Internal Revenue Code for the issuance of a summons have been taken.

9. The testimony, books, papers, records and other data sought by the summonses are necessary in order to properly investigate the federal tax liability of Damian R. Denham for the following years: 2001, 2002, 2003, 2004, 2005 and 2006.

## II. DISCUSSION

The IRS is authorized to issue administrative summonses to taxpayers "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining

the liability of any person for any internal revenue tax ... or collecting any such liability." 26 U.S.C. § 7602(a). Under the authority of 26 U.S.C. § 7602, the IRS has very broad authority to summon documents and testimony for the purpose of ascertaining and collecting tax liabilities. See Smith v. Stark, 1996 WL 512323, *1 (W.D. Mo. June 27, 1996). A showing of probable cause is not required to obtain enforcement of an IRS summons. See United States v. Powell, 379 U.S. 48, 57 (1964).

Despite the broad authority conferred on the IRS by 26 U.S.C. § 7602, there are some limits on the Government's power. For instance, "the IRS must use its summons authority in good faith." United States v. LaSalle Nat'l Bank, 437 U.S. 298, 313 (1978).

In order to obtain summary enforcement of a summons, the IRS must first establish a prima facie case for enforcement. The IRS must show that: (1) the investigation is being conducted for a legitimate purpose; (2) the information sought is relevant to that purpose; (3) the information is not already in the possession of the IRS; and (4) the administrative steps required by the Internal Revenue Code have been followed. See United States v. LaSalle Nat'l Bank, 437 U.S. 298, 313-14 (1978); United States v. Powell, 379 U.S. 48, 57-58 (1964); Robert v. United States, 364 F.3d 988, 996 (8th Cir. 2004). Generally, the requisite showing is made by an affidavit of the agent who is seeking enforcement of the summonses. See United States v. Lawn Builders of New England, Inc., 856 F.2d 388, 392 (1st Cir. 1988); United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981), cert. denied, 455 U.S. 1018 (1982); United States v. Garden State Nat'l Bank, 607 F.2d 61, 68 (3rd Cir. 1979).

In this case, Revenue Agent Darlene Chamberlain has submitted a Declaration in which she claims that she is conducting an investigation into the tax liability of respondent Damian R. Denham for the years 2001, 2002, 2003, 2004, 2005 and 2006. She explains that relative to this investigation, she issued the administrative summonses to produce for examination necessary records and testimony. Chamberlain explains that but for certain records obtained from Blue Ridge Bank & Trust and Bank of Odessa, the records sought are not already in the possession of the IRS and that

3

all administrative steps required by the Internal Revenue Code have been taken. Chamberlain attached copies of the Summonses.

This Court finds that the Government has established a prima facie basis for enforcement of the summonses. Once the United States makes a prima facie showing, it is entitled to enforcement of the summonses unless the taxpayer "shows that the IRS is attempting to abuse the court's process." United States v. Stuart, 489 U.S. 353, 359 (1989). The Supreme Court has indicated that such an abuse might be found if the taxpayer demonstrated that the summonses were issued to harass the taxpayer or pressure him to settle a collateral dispute "or for any other purpose reflecting on the good faith of the particular investigation." Id. The taxpayer bears the burden of proving bad faith or harassment. See United States v. Church of Scientology of California, 520 F.2d 818, 823-24 (9th Cir. 1975).

To carry this burden, the taxpayer must do more than produce evidence that calls into question the Government's prima facie case. See United States v. Kis, 658 F.2d 526, 538-39 (7th Cir. 1981), cert. denied, 455 U.S. 1018 (1982). The taxpayer must answer the Government's case through responsive pleadings that are supported by affidavits and allege specific facts in rebuttal. See Kis, 658 F.2d at 539; United States v. Garden State Nat'l Bank, 607 F.2d 61, 71 (3rd Cir. 1979). Those rebuttal facts must permit an inference that the Government has engaged in some wrongful conduct. See Kis, 658 F.2d at 539; Garden State, 607 F.2d at 71. "The dispositive question in each case ... is whether the Service is pursuing [enforcement] in good faith." United States v. LaSalle Nat'l Bank, 437 U.S. 298, 319 n.19 (1978).

Respondent Denham challenges the enforcement of the summonses on the following three grounds:

    (a)    The Summons was defective in form, in that the entity that was directed to report by Summons caption, does not exist within my household and was not served. There may exist some confusion on the government's part, in that my name is in some ways similar. My name however is spelled with Capital and lower case letters, unlike the entity that was directed to appear, whose name is spelled in all capital letters. My Christian appellation is Damian Russell, and the Summons caption is seeking to bring before the Court a DAMIAN R. DENHAM. Plaintiff Damian Russell Denham believes that the

4

> entity being sought may reside within the bowels of the Internal Revenue Office, as all of the documentation and letters sent to my place of abode by that office, are addressed to that entity, clearly not to myself. Therefore I Damian Russell Denham, challenge the jurisdiction of this Court in that it has no in personam jurisdiction. In addition;
>
> (b) The Summons purports to be "issued under authority of the Internal Revenue Code" but does not substantiate this claim by providing the required implementing regulations; and
>
> (c) The Summons purports to be for the purpose "to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws." There was no indication of providing use immunity for any such testimony.

(Court Order Refused for Cause Without Dishonor at 1-2)

The Court will discuss each of respondent's arguments.

    A.    <u>Respondent Denham's Name in Capital Letters</u>

Respondent Denham's first argument was made and rejected in <u>Russell v. United States</u>, 969 F. Supp. 24 (W.D. Mich. 1997). In that case, petitioner Russell claimed that "because his name is in all capital letters on the summons, he is not subject to the summons." <u>Id.</u> at 25. The court found this argument to be "completely without merit" and "patently frivolous" and "rejected [it] without expending any more of [the] Court's resources on ... discussion." <u>Id.</u> This Court agrees with the <u>Russell</u> court and finds respondent Denham's first argument to be completely without merit and patently frivolous.

    B.    <u>The Summonses Were Properly Issued</u>

Respondent Denham next contends that the summonses are flawed because they did not contain the implementing regulations upon which they are authorized. Respondent Denham further argues that the only implementing regulation for a summons issued under the internal revenue laws is found in a regulation which deals exclusively with taxable alcohol, tobacco or firearm activities. (Court Order Refused for Cause Without Dishonor (doc #6) at 4-5) This same argument was made and rejected in <u>Russell v. United States</u>, 1994 WL 750673, *2 (W.D. Mich. Nov. 23, 1994), where the petitioner argued that the use of 26 U.S.C. § 7602 against him was predicated on enforcement

regulations under Title 27 of the Code of Federal Regulations which pertain to excise taxes under the authority of the Bureau of Alcohol, Tobacco and Firearms ("BATF"). The court found:

> To the extent his pleadings are intelligible, it appears that Petitioner has used the Parallel Table of Authorities and Rules in the Code of Federal Regulations and concluded that because opposite § 7604 the Table references regulations involving intoxicating liquors, all administrative summons procedures relate strictly to matters within the enforcement powers of the BATF.
>
> This convoluted argument is wholly baseless. The Parallel Table of Authorities and Rules merely lists rulemaking authority for regulations codified in the CFR and includes statutory citations which are noted as being interpreted or applied by those regulations. The list does not purport to limit the applicability of statutory sections.

Id. at 2. Accord Abell v. Sothen, 214 Fed. Appx. 743, 757 (10th Cir. 2007)("section 7602 authorizes issuance of the summonses, has the force of law, and does not require any implementing regulations"); United States v. Hibben, 2005 WL 1208861, *2 (E.D. Ky. Feb. 16, 2005)(no specific implementing regulations are necessary to support authority of IRS to enforce summons). Respondent's second argument must fail.

      C.      Use Immunity Is Not Required

As stated in United States v. Argomaniz, 925 F.2d 1349, 1356 (11th Cir. 1991), a blanket refusal to produce records or to testify will not support a Fifth Amendment claim. The court in Argomaniz stated that the "general rule" was for the taxpayer to present himself with his records for questions and as to each question and each record elect to raise or not to raise the defense. Id. at 1356. Accord United States v. G & G Advertising Co., 762 F.2d 632, 634 (8th Cir. 1985)(blanket refusal to comply with summons improper); United States v. Dick, 694 F.2d 1117, 1119 (8th Cir. 1982)(taxpayer should appear in response to summons and make specific objections in response to specific questions or to specific demands for particular documents).

Respondent Denham should appear before Revenue Agent Chamberlain in response to the summonses and as to each question and each record elect to raise or not to raise the privilege against self-incrimination.

### III. CONCLUSION

6

Case 4:08-mc-09012-HFS   Document 7   Filed 10/09/08   Page 6 of 7

In summary, the Government has established a prima facie case for enforcement of the summonses at issue. Respondent's allegations do not rebut the Government's prima facie case nor do they support an inference that the summonses are in any way improper. Based on the foregoing, it is

RECOMMENDED that the District Court, after making its own independent review of the record, enter an order directing compliance with the summonses on a date and at a time agreed upon by Revenue Agent Darlene Chamberlain and respondent Damian R. Denham, but not later than sixty days after the service of any such order directing compliance with the summonses upon respondent Denham. It is further

ORDERED that a copy of this Report and Recommendation shall be served by regular United States mail and by certified mail, return receipt requested, upon Damian R. Denham, 923 N. Burnley Rd. A, Buckner, Missouri 64016-8270.

Parties are reminded that they may file specific written objections to this Report and Recommendation within ten days after being served a copy thereof. A failure to file and serve timely objections may result in a waiver of appeal from the Report and Recommendation and any order of the District Court adopting all or a portion of this Report and Recommendation.

          */s/ Sarah W. Hays*
          SARAH W. HAYS
          UNITED STATES MAGISTRATE JUDGE