IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-9012-CV-W-HFS |
| ) | |
| DAMIAN R. DENHAM, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Petitioner, United States of America, has filed a petition to enforce IRS summonses. Essentially, petitioner seeks enforcement of summonses served on defendant, Damian R. Denham, requiring his appearance before Revenue Agent Darlene Chamberlain. Agent Chamberlain is conducting an investigation into the tax liability of defendant for tax years 2001, 2002, 2003, 2004, 2005, and 2006. By summonses served on defendant on December 13, 2007, pursuant to 26 U.S.C. § 7602, Agent Chamberlain directed him to appear before her on January 4, 2008 and to produce certain documents.

Defendant failed to appear, and on June 4, 2008, the court entered an Order directing defendant to show cause why he should not comply with the summonses. Appearing pro se, defendant responded to the June 4th Order by claiming that because his name is spelled with both lower and capital letters, the summons that spelled his name with all capital letters, was not directed to him. Defendant also claimed that the summonses were defective because they failed to contain the implementing regulations upon which they were authorized. Finally, defendant claimed that the summonses failed to provide immunity for his testimony.

Sec. 7602 confers broad authority upon the IRS to summon documents and testimony in

order to ascertain tax liabilities. However, in order to obtain summary enforcement of a summons, the IRS must first establish a prima facie case for enforcement. United States v. LaSalle Nat'l Bank, 437 U.S. 298, 313-14 (1978). In a declaration, Agent Chamberlain has averred that the testimony and records sought are necessary to the investigation, and that other than certain records obtained from various banks, the records sought are not in the possession of the IRS. Agent Chamberlain further averred that all required administrative steps required by the IRS Code were taken.

In a Report and Recommendation, Magistrate Judge Sarah W. Hays reviewed each of defendant's arguments as to why he did not have to appear before Agent Chamberlain, and found them to be without merit. For instance, defendant's contention that one is not subject to a summons when his name is spelled in the caption in capital letters has been found to be "patently frivolous." Russell v. United States, 969 F.Supp. 24 (W.D.Mich. 1997). Likewise, defendant's claim that the summonses were flawed due to the absence of the implementing regulations upon which they were authorized has also been found to be without merit. Russell v. United States, 1994 WL 750673 * 2 (W.D.Mich. Nov. 23, 1994). Similarly unavailing is defendant's attempt to invoke a Fifth Amendment claim in support of his blanket refusal to produce records or to testify. United States v. Argomaniz, 925 F.2d 1349, 1356 (11th Cir. 1991). However, defendant would be free to raise the privilege against self-incrimination as to each question and each record once he is before Agent Chamberlain. Consequently, I agree that petitioner has established a prima facie case for enforcement of the summonses.

Accordingly, it is hereby

ORDERED that the Report and Recommendation is ADOPTED, the petition to enforce IRS summonses (ECF doc. 1) is GRANTED, and defendant is directed to comply with the summonses on a date and time agreed upon by the parties, but not later than thirty days after service of this order

on defendant. It is further

ORDERED that the clerk of the court mail a copy of this order by regular mail and certified mail, return receipt to defendant at:

923 N. Burnley Rd. A

Buckner, Missouri 64016-8270[1]

    /s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

January 29 , 2009

Kansas City, Missouri

---

[1] The docket sheet indicates that while prior mailings have successfully reached defendant, a more recent mailing has been returned. However, it is defendant's responsibility as a party to this action to timely notify the clerk's office of any change of address.